### Noble *v.* State.

### Opinion delivered April 29, 1905.

1. HOMICIDE—PROVOCATION INVITED BY ASSAULT.—A person cannot take advantage of a provocation invited and brought about by his own unlawful aggression, in order to reduce the grade of his crime from murder to manslaughter, if he has not in good faith attempted to retire from the encounter. (Page 248.)

2. SAME—SEVERITY OF ASSAULT.—Where an assault, which is neither intended nor calculated to kill, is returned with violence beyond what is proportionate to the aggression, the character of the combat is changed; and if, without time for his passion to cool, the assailant kills the other, he commits only manslaughter. (Page 249.)

3. TRIAL—IMPROPER ARGUMENT—REMOVAL OF PREJUDICE.—Where improper remarks of the State's counsel were stopped by the court of his own motion, and counsel was admonished to desist from such argument, and the jury instructed to disregard it, the verdict will not be disturbed on that account. (Page 249.)

4. CONVICTION OF MURDER—REDUCTION OF DEGREE.—Where, in a trial for murder resulting in a conviction of murder in the second degree, error was committed in the instructions which may have misled the jury to find defendant guilty of a higher degree than voluntary

manslaughter, the judgment, with the concurrence of the State's attorney, will be modified by sentencing him for the latter offense. (Page 250.)

Appeal from Ashley Circuit Court.

· ZACHARIAH T. WOOD, Judge.

### STATEMENT BY THE COURT.

Appellant was indicted by the grand jury of Ashley County upon the charge of murder in killing one Bev. Ford, December 24, 1904. He was convicted of murder in the second degree, and his punishment fixed at seven years and six months in the penitentiary.

The killing by appellant is not disputed, but he claims that it was done in self-defense.

The killing occurred at the store of one Gogay Beloat, near the village of Milo, in Ashley County, where the young men had assembled to celebrate the eve of Christmas. Appellant was twenty years of age at the time, and deceased about two years older, and both were under the influence of intoxicating liquor. It is shown by the proof that about five minutes before the fatal shot was fired by appellant he and deceased had a fight, in which deceased cut appellant with his pocket knife. This occurred a short distance from the store, and deceased started away in company with others, and appellant went to the store, where he had left his pistol, and, after securing the pistol, followed down the road, and the difficulty ensued in which deceased was fatally shot by appellant.

*George & Butler,* for appellant.

The evidence does not sustain a conviction for murder. Instructions Nos. 12, 15, 17 and 18 were erroneous, as also was the modification made in No. 5 asked by defendant. The cause should be reversed on account of improper argument of counsel for the prosecution. 58 Ark. 368.; 63 Ark. 176; 65 Ark. 486; 65 Ark. 627.

*Robert L. Rogers, Attorney General.* for appellee.

The seventeenth instruction was correct. 49 Ark. 550; 37. Ark. 238. This court will not reverse for improper argument when the verdict is fully sustained by the evidence. *Whit* v. *State,* 74 Ark. 489.

McCulloch, J., (after stating the facts.) The testimony is abundant to establish the fact that appellant was the aggressor in both encounters with deceased, and fully sustains the verdict of the jury. It is unnecessary to rehearse all the facts.

The court, on motion of counsel for the State, fully and correctly instructed the jury as to the grades of murder and manslaughter, and we find no error therein.

The defendant asked the following instruction, which the court, over his objection, modified by inserting the words shown in italics below, viz:

"No. 5. You are instructed that manslaughter is the unlawful killing of a human being without malice, either expressed or implied; that manslaughter must be voluntary upon the sudden heat of passion irresistible; and if you believe from the evidence that deceased assaulted the defendant with a knife in such a manner as would be apparently sufficient to arouse in defendant such passion, and that it did arouse such passion in him, and that while in this condition, *and that the defendant was not the aggressor at the time,* and before a sufficient time had elapsed for his passion to cool, he armed himself, pursued and unlawfully and without justification killed the deceased, he would not be guilty of either degree of murder, but would be guilty of voluntary manslaughter only."

The modifying words are somewhat awkwardly inserted, but we think the idea is conveyed with reasonable certainty that, if appellant was the aggressor in the first encounter in which the alleged provocation for the killing was given by deceased, then such provocation would not reduce the grade of the offense from murder to manslaughter.

A person cannot take advantage of a provocation invited and brought about by his own unlawful aggression, in order to reduce the grade of his crime from murder to manslaughter, when he has not in good faith attempted to retire from the

encounter: If appellant was the aggressor in the first difficulty, and was assaulted and cut by deceased while so engaged, and killed deceased upon a sudden heat of passion aroused by the assault made by deceased, the grade of his offense was not thereby reduced to manslaughter. This is because malice, which is an essential element of murder, is implied from the fact that he sought the difficulty in which provocation for passion was given, and became the aggressor therein.

But this rule is subject to a qualification stated by Mr. Bishop as follows:

"Where an assault, which is neither intended nor calculated to kill, is returned by violence beyond what is proportionate to the aggression, the character of the combat is changed; and if, without time for his passion to cool, the assailant kills the other, he commits only manslaughter." 2 Bishop, Crim. Law, § 702. This qualification is sustained by the great weight of authority. *State* v. *Partlow,* 90 Mo. 608; *Cotton* v. *State,* 31 Miss. 504; *State* v. *Hill,* 4 Dev. & Bat. 491; *Daniel* v. *State,* 10 Lea, 261; Horrigan & Thompson's Cases Self-Def. p. 227.

There is a conflict in the testimony as to whether the appellant entered the first encounter with any malice, or with any intention to kill or to do great bodily harm to deceased. There is also conflict in the testimony as to whether deceased did not, in repelling the aggression of appellant, use violence greatly disproportionate to the aggression. Yet the court, by this modification of the instruction asked, cut off all avenue for the jury to find appellant guilty of manslaughter only, even though they may have found that he brought on the first difficulty without malice, and without intent to kill or do great bodily harm, and even though deceased may have committed an assault upon him disproportionate to his aggression. We think the court erred in making the modification without the further qualification herein indicated.

Counsel for appellant urge that the case should be reversed on account of improper remarks of associate counsel for the State in his argument to the jury. The statements of the attorney in reference to the number of murders which, he alleged, had been recently committed in Ashley County were improper, but

the court stopped him of its own motion, and immediately admonished the attorney to desist from such argument, and instructed the jury to disregard the statement. After the close of the argument, the learned judge, referring again to the remarks of counsel, said to the jury: "You should not pay any attention to that part of the attorney's argument; you are not trying this man for what others may have done. The question you are to determine is his guilt or innocence of the crime charged against him, and you should not regard said argument, and I so instruct you." In view of this timely and appropriate admonition from the court and the testimony in the case, we feel sure that no prejudice resulted to appellant from the improper remarks of counsel, and we will not disturb the verdict on that ground.

The verdict of the jury finding the defendant guilty of murder includes a finding of his guilt of manslaughter, and his conviction of that grade of offense was upon proper instructions and upon testimony abundantly sufficient. Following the rule established by this court in many decisions (*Simpson v. State,* 56 Ark. 19; *Vance* v. *State,* 70 Ark. 272; *Routt* v. *State.* 61 Ark. 594; *Darden* v. *State,* 73 Ark. 315), we will not reverse the case for a new trial upon the grade of offense of which appellant was properly convicted.

Unless counsel for the State shall, within one week from this date, show cause to the contrary, the judgment will be modified, so as to sustain the conviction for manslaughter only, with the maximum punishment for that offense, seven years' confinement in the penitentiary; and to that extent the judgment will be affirmed.

BATTLE, J., dissents on the ground that for the error indicated in the opinion the cause should be reversed and remanded for a new trial.

HILL, C. J., (dissenting.) I do not dissent from the conclusion that the modification of the instruction in question was erroneous, but I do not think it was prejudicial error. The instructions otherwise were full and fair, and gave the jury an intelligible and proper view of the law governing the case. The modification did not change the general effect of the other instructions, and the verdict seems responsive to the evidence and in-

structions. The jury did not give the defendant the minimium punishment for murder in the second degree, and thereby negatived the idea that they might have convicted him of manslaughter. I think the judgment ought to be affirmed.