Leonard Harold MILLS *v.* STATE of Arkansas

CR 80-73

603 S.W. 2d 416

Supreme Court of Arkansas
Opinion delivered September 8, 1980
Rehearing denied September 29, 1980

*Lessenberry & Carpenter*, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. Appellant, a 31 year-old male, was charged with two counts of rape and one count of attempted rape for allegedly engaging in deviate sexual activities by forcible compulsion with three Boone County teen-aged boys during the 1979 county fair. The charges arose from appellant's having performed oral sex (fellatio) on two of the youths and attempting to do so on the other. Appellant was tried before a jury on October 16, 1979, and convicted of all charges. He was sentenced to terms of imprisonment of thirty years for each rape and twelve years for attempted rape, the sentences to run concurrently. Alleging that the state failed to prove that the acts engaged in by him were done by forcible compulsion, appellant brings this appeal. We agree with appellant.

Rape is defined in Ark. Stat. Ann. § 41-1803(1)(a) (Repl. 1977) as follows:

> (1) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
>
> (a) by forcible compulsion; . . .

Deviate sexual activity is defined in Ark. Stat. Ann. § 41-1801(1)(a) (Repl. 1977) as "any act of sexual gratification involving: (a) the penetration, however slight, of the anus or mouth of one [1] person by the penis of another person; . . ."

Forcible compulsion is defined in § 41-1801(2) as "physical force, or a threat, express or implied, of death or physical injury to or kidnapping of any person."

The sole question on this appeal is whether the state presented substantial evidence that appellant employed forcible compulsion in performing the two deviate sexual acts, and in attempting to perform the other such act. As to the attempted rape charge, the record indicates that appellant neither threatened nor employed physical force against the youth, and allowed him to leave the motel room after rejecting appellant's advances. We, therefore, reverse and dismiss the conviction for attempted rape.

There was insufficient evidence of forcible compulsion in the incidents that led to the rape charges. In the incident with the 14 year-old, appellant offered him a ride home from the fairgrounds, but instead drove to a remote area outside of town. The only evidence of any physical force or threat employed by appellant was brought out in the testimony of the youth that after the appellant had performed an act of oral sex on him and they were on their way back to town, appellant threatened to "kick his butt" if he told anyone. It is highly doubtful that this conduct amounted to forcible compulsion as defined by the statute, but even if it did, the conduct would not support the conviction, as it followed rather than preceded the deviate sexual activity. The boy also testified that he was scared of being killed or beaten up by

appellant if he resisted, but there is no evidence that appellant ever threatened him before he committed the act. Subjective feelings of fear of physical injury by the victim must be based on some act of the accused that can be reasonably interpreted to warrant such fear. We do not think the evidence adduced at trial was sufficiently substantial to support the verdict of the jury of guilty of rape of the 14 year-old youth.

The other incident that led to a rape charge occurred in appellant's motel room. Appellant had lured the boy there under the pretext of meeting two girls, and talked him into getting undressed while waiting for the girls to arrive. The testimony of this 15 year-old boy reveals that after appellant threatened to "tell everyone that you're a chicken" if he did not consent to the act, the boy "said okay." This seems to have been a case of consensual sexual activity and was certainly not an act carried out by forcible compulsion as defined by the statute.

In those instances where the evidence does not support conviction on a particular offense, but does clearly show the defendant's conduct to have been violative of a lesser offense, this court has often modified the judgment of the circuit court to indicate conviction for the lesser offense and imposed a lesser sentence. *Clark* v. *State*, 246 Ark. 876, 440 S.W. 2d 205 (1969); *Bailey* v. *State*, 206 Ark. 121, 173 S.W. 2d 1010 (1943); *Phillips* v. *State*, 190 Ark. 1004, 82 S.W. 2d 836 (1935). As the proof of the two rape charges is deficient in regard to forcible compulsion, we must reduce both rape convictions to convictions of carnal abuse in the third degree. Ark. Stat. Ann. § 41-1806 (Repl. 1977) provides:

(1) A person commits carnal abuse in the third degree if being twenty (20) years old or older, he engages in sexual intercourse or deviate sexual activity with another person not his spouse who is less than sixteen (16) years old.

(2) Carnal abuse in the third degree is a Class A misdemeanor.

Pursuant to Ark. Stat. Ann. §§ 41-901 and 41-1101 (Repl. 1977), punishment for conviction of a Class A misdemeanor is "a term of imprisonment not exceeding one year" and "fine not exceeding $1,000." As urged by appellant's counsel, we reduce appellant's sentence to one year imprisonment for each conviction, to run concurrently, and impose a fine of $1,000 on each.

Modified and affirmed in part and reversed in part.

HICKMAN, J., agrees to the reduction in sentence only because the appellant asked for it.