Ralph Van HUDGENS *v.* STATE of Arkansas

CR 95-971                                                    919 S.W.2d 939

Supreme Court of Arkansas
Opinion delivered April 15, 1996

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. The appellant, Ralph Van Hudgens, was convicted of DWI in a bench trial in circuit court. Hudgens contends the trial judge erred by 1) not suppressing all of the state's evidence and dismissing the charge, and 2) resentencing him to a harsher sentence upon retrial after his first conviction was reversed on appeal. We affirm the conviction, but agree that the trial judge erred in sentencing Hudgens and modify the sentence.

Ralph Van Hudgens was stopped by a Fayetteville police officer at approximately 2:00 a.m. on July 4, 1992, after the officer had observed Hudgens' vehicle swerving and repeatedly striking the curbside. The officer testified that Hudgens smelled of alcohol, and that he failed all of the field sobriety tests administered. Hudgens was arrested and taken to the police station, where he refused to take the breathalyzer test. Hudgens posted a bond, but was not released until 4:00 p.m. the following afternoon. Hudgens was convicted in the Fayetteville Municipal Court of DWI, first offense, and violation of the implied consent law. He appealed the conviction to Washington County Circuit Court and was again convicted of both offenses in a bench trial before Judge William Storey. He was sentenced by Judge Story to a $250.00 fine, ninety days suspension of his driver's license, and one day of jail time suspended.

Hudgens' conviction was reversed and his case remanded by the Court of Appeals for violation of his right to jury trial, in an opinion not designated for publication. He was retried by Judge Story on the DWI charge only, and was again convicted. He was sentenced by Judge Story to a $500.00 fine, ninety days suspension of his driver's license, and five days jail time.

Hudgens filed a motion to suppress all evidence and to dismiss the charges against him in municipal court and prior to both bench trials in circuit court. In his motion, he alleged that he was unlawfully held in custody, after he refused the breathalyzer test, in violation of certain statutes and rules of criminal procedure, and was thus prevented from gathering exculpatory information in violation of the United States and Arkansas Constitutions. In both bench trials, the trial court denied the motion as being untimely because it was filed less than ten days before the trial; in the second bench trial, the trial court also found that even if the motion was timely, Hudgens had failed to demonstrate prejudice.

On appeal, Hudgens first argues that the trial court erred in failing to suppress the State's evidence and to dismiss the charges against him. He further contends that the trial court incorrectly determined that his motion was untimely filed pursuant to Ark. R. Crim. P. 16.2, because the rule only applies to evidence illegally seized in violation of the Fourth, Fifth and Sixth amendments. He contends that the police did not gather evidence illegally, but rather his unlawful detention for more than twelve hours after his arrest prevented him from having a blood test performed; he suggests that such a test could have provided "exculpatory evidence."

■ Arkansas Rule of Criminal Procedure 16.2 pertains to motions to suppress evidence and states in pertinent part:

> (a) Objection to the use of any evidence, on the grounds that it was *illegally obtained*, shall be made by a motion to suppress evidence.
>
> * * * *
>
> (b) The motion to suppress shall be timely filed but not later than ten (10) days before the date set for the trial of the case, except that the court for good cause shown may entertain a motion to suppress at a later time.

We agree that Hudgens' motion does not pertain to the suppression

of evidence illegally obtained, and is thus not governed by the ten-day limitation set forth in Rule 16.2(b). All of the evidence used in the trial of Hudgens for DWI was obtained at the scene of his arrest, and prior to his arrival at the police station where he alleges the violations took place. He asserts that because he was illegally detained in violation of various Arkansas statutes and rules, all the evidence submitted by the state should have been suppressed; Hudgens' arguments concerning statutory and rules violations are all without merit.

■ Hudgens first argues that he was not allowed to call an attorney or physician prior to his refusal to submit to the breathalyzer test, as required by Ark. Code Ann. § 16-85-101, which provides that "no prisoner shall be denied the right to consult an attorney of his own choosing or to call a physician of his own choosing if in need of one while confined to any prison in this state awaiting trial." Clearly, Hudgens cannot be characterized as a prisoner confined to prison awaiting trial by virtue of his DWI arrest. He further did not have the right to counsel before taking the breathalyzer test. *Marx* v. *State*, 291 Ark. 325, 724 S.W.2d 456 (1987).

Hudgens also argues that the conduct of the officers after his arrest violated Ark. Code Ann. §§ 27-50-602, 603, 606, and 609, and that such violations also require suppression of all the evidence against him. Hudgens contends that he should have been immediately taken before a magistrate upon his arrest, as required by § 27-50-602, or that he should have been released from custody pursuant to § 27-50-603, which provides for a person not taken before a magistrate to post a bond and be forthwith released from custody.

Hudgens also asserts that because his driver's license was seized upon arrest, he should not have been required to post bond at all, pursuant to § 27-50-606. This section provides for deposit of driver's license in lieu of posting of bond. Hudgens further argues that because jail personnel set his bond, he was made to post a bond without seeing a judge in violation of Ark. R. Crim. P. 8.1, which requires that an arrested person not released by citation or other lawful manner be taken before a judicial officer without unnecessary delay, and Rule 9.2(a) which requires that the judicial officer set money bail.

■■ Even if Hudgens were correct in his assertions that the

various statutes and rules were violated, his argument that the evidence should be suppressed and the charges dismissed has no merit. His argument is based solely upon the denial of the opportunity to obtain an independent chemical test. As he refused to take the breathalyzer test he had no right to an independent chemical test. *See Patrick* v. *State,* 295 Ark. 473, 750 S.W.2d 391 (1988); *Calnan* v. *State,* 310 Ark. 744, 841 S.W.2d 593 (1992). Nor did Hudgens have the right to be released from custody in order to gather exculpatory evidence. *Calnan, supra.*

■ Moreover, Hudgens testified that he was detained for more than twelve hours before he was allowed a phone call and before he was released from custody. He is in essence complaining of an illegal detention. We have addressed the effect of such a violation of Ark. R. Crim. P. 8.1 in *Bolden* v. *State,* 262 Ark. 718, 561 S.W.2d 281 (1978), by stating that a defendant is not entitled to a dismissal of the charge on which he is arrested when the rule is contravened. It is also well settled that an illegal arrest or detention does not void a subsequent conviction. *See Cook* v. *State,* 274 Ark. 244, 623 S.W.2d 820 (1981); *Bolden, supra.*

Hudgens also argues that the trial court erred in imposing a harsher sentence upon retrial. When Hudgens objected to the sentence, the trial judge stated that "upon reflection, after hearing the facts again, the facts are much more egregious than I had initially concluded."

■■ The fact that the sentence received by a defendant is meted out by a judge both times is the basis for concern about vindictiveness. *Smith* v. *State,* 286 Ark. 247, 691 S.W.2d 154 (1985). We have stated unequivocally that a more severe sentence may not be imposed because of any vindictiveness of the court arising from the convicted party successfully appealing the first sentence; this would clearly be violative of the due process clause of the Fourteenth Amendment. *Marshall* v. *State,* 265 Ark 302, 578 S.W.2d 32 (1979). In *Marshall,* we cited with approval the United States Supreme Court case of *North Carolina* v. *Pearce,* 395 U.S. 711 (1969), wherein it stated:

> [W]e have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning

identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding, and the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed upon appeal.

In this instance, the trial court merely stated that the facts were more egregious than he originally thought. However, this recitation by the trial court does not meet the requirement set forth in *Marshall* that his reasons be based on the defendant's conduct occurring after the time of the original sentencing.

In *Texas* v. *McCullough*, 475 U.S. 134 (1985), the Supreme Court held that the presumption of vindictiveness had been overcome where, to justify the longer sentence, the judge entered the following findings of fact:

[T]he testimony of two state witnesses who had not testified at the first trial added to the credibility of the state's key witness and detracted from the credibility of respondent and a defense witness; the two new witnesses' testimony directly implicated respondent in the commission of the murder and shed new light upon his life and conduct; and it was learned for the first time on retrial that respondent had been released from prison only four months before the murder.

In Hudgens' retrial, there were no new witnesses or new facts presented. Consequently, the trial court has provided no findings of fact to overcome the presumption of vindictiveness in the resentencing of Hudgens, and the sentence cannot stand. However, where the trial court's error has nothing to do with the issue of culpability and relates only to punishment, we may correct the error in lieu of reversing and remanding the case. *Roberts* v. *State*, 324 Ark. 68, 919 S.W.2d 192 (1996); *Bangs* v. *State*, 310 Ark. 235, 835 S.W.2d 294 (1992). We thus modify Hudgens' sentence by reinstating the $250 fine and one day jail time suspended, as imposed by the trial court in Hudgens' first trial.

The trial court's judgment of conviction and sentence is affirmed as modified.