James David MCGILL *v.* STATE of Arkansas

CA 97-186                                        962 S.W.2d 382

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered February 11, 1998

*Virginia Y. Middleton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

D. FRANKLIN AREY, III, Judge. After a bench trial in the Juvenile Division of the Washington County Chancery Court, the

appellant, James David McGill, was found to be delinquent for committing criminal mischief in the first degree. He was sentenced to thirty days in the juvenile detention center with twenty-eight days suspended; he was also placed on supervised probation for twelve months, required to make restitution, and ordered to perform 100 hours of public service, among other terms and conditions. On appeal, appellant argues that the trial court erred by denying his motion for directed verdict because the evidence was not sufficient to prove he purposely destroyed or damaged any property. We affirm as modified and remand the case.

Appellant asked his high school classmate, Malanda Jo Gardner, if he could sit in her car to smoke a cigarette and listen to the radio. She gave him her keys. He did not ask Gardner if he could drive the car; likewise, she did not tell him he could drive the car.

Another classmate, Carl Shoffitt, was present when Gardner gave appellant her keys. Shoffitt saw appellant walk to the passenger side of the car and throw the keys over the top of the car to another student named Gene Duggin. Duggin got in the car, put the keys in the ignition, and turned the key over so he could use the cigarette lighter; appellant got in the passenger seat. Shoffitt testified that as he was about to go inside, he heard the vehicle start and turned around to look. He saw Duggin driving Gardner's car, with appellant in the passenger seat. He next saw the car thirty minutes later on the parking lot, after it had been wrecked.

Gardner testified that her car was in excellent condition before appellant borrowed the keys. The car was returned to her in a wrecked condition. Gardner's mother testified that the car had been "totaled," and that the frame was bent or warped. Gardner's mother further testified that Gardner's father "had $2,500 in the car."

Duggin and appellant gave conflicting statements. Duggin claimed that appellant drove the car and was "fishtailing" it around corners. Duggin stated that as appellant fishtailed around one corner, the back end of the car went to the right and swung up against a fence. The bumper was damaged, and the two students tried to put it back on. They brought the car back to the school after the accident.

Appellant gave two statements. In his first statement, appellant said nothing about leaving the school in the car. In his second statement, he admitted that he and Duggin took the car out of the parking lot, with Duggin driving. He claimed that Duggin lost control of the car, slid to the right, and hit a fence post. They tried to fix the damaged bumper and returned the car to the parking lot.

The State originally sought appellant's adjudication of delinquency based upon acts of criminal mischief in the first degree and theft of property. At trial, the court granted appellant's motion for directed verdict on the theft of property charge. The court denied the motion as to the remaining charge, and found appellant guilty of juvenile delinquency by reason of criminal mischief in the first degree.

Appellant contests the trial court's denial of his motion for directed verdict. He argues that the proof is not sufficient to establish that he purposely destroyed or damaged Gardner's car.

■ A motion for a directed verdict is a challenge to the sufficiency of the evidence. *D.D. v. State*, 40 Ark. App. 75, 842 S.W.2d 62 (1992). In reviewing the sufficiency of the evidence in a delinquency case, we apply the same standard of review as in criminal cases. *C.H. v. State*, 51 Ark. App. 153, 912 S.W.2d 942 (1995). When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we consider only the proof that tends to support the finding of guilt, and we view the evidence in the light most favorable to the State. *Id.*; *D.D.*, 40 Ark. App. at 76, 842 S.W.2d at 63. We will affirm if the conviction is supported by substantial evidence. *C.H.*, 51 Ark. App. at 154, 912 S.W.2d at 943. Substantial evidence is that which is of sufficient force and character to compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.*

■ A person commits the offense of criminal mischief in the first degree if he purposely and without legal justification destroys or causes damage to any property of another. Ark. Code Ann. § 5-38-203(a)(1) (Repl. 1997). A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such

a result. Ark. Code Ann. § 5-2-202(1). "It is not enough to show merely that the property was damaged or destroyed, for one essential element of this crime is that the damage was willfully caused and not accidental." *Bray v. State*, 12 Ark. App. 53, 670 S.W.2d 822, 823 (1984).

■ Appellant's delinquency adjudication based upon criminal mischief in the first degree is not supported by substantial evidence. Viewed in the light most favorable to the State, we cannot say that the evidence indicates that appellant purposely damaged the car. Although Duggin's statement that appellant fishtailed the car indicates appellant's intent to surrender some degree of control over the car, this evidence is not sufficient to show that appellant willfully intended to have a wreck and damage the car.

The State argues, in the alternative, that we should modify the delinquency adjudication by finding that it is based on an act that would constitute criminal mischief in the second degree. In his reply brief, appellant responds that he did not recklessly destroy or damage the car; rather, he simply borrowed Gardner's keys.

A person commits criminal mischief in the second degree if he recklessly destroys or damages any property of another. Ark. Code Ann. § 5-38-204(a)(1). A person acts recklessly with respect to attendant circumstances or a result of his conduct when he consciously disregards a substantial and unjustifiable risk that the circumstances exist or that the result will occur. The risk must be of the nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation. Ark. Code Ann. § 5-2-202(3).

■ We agree that the evidence supports the conclusion that appellant acted recklessly. Duggin's statement indicates that appellant fishtailed the car as he drove around a corner, so that he lost control of the car and struck a fence. By driving in this fashion, appellant consciously disregarded the risk that he could lose control of the car and have a wreck, resulting in the destruction of or damage to someone else's car. Thus, appellant's conscious disregard of the risk of a wreck would support a finding of delinquency for committing criminal mischief in the second degree.

■ Appellant argues that he never admitted to driving the car, and that his statements are corroborated by the testimony of Shoffitt. But, under our standard of review, we consider only the proof that tends to support the finding of appellant's guilt, and we view the evidence in the light most favorable to the State. *See C.H., supra.* Gardner gave appellant the keys to the car, Duggin stated that appellant drove the car, and appellant gave two inconsistent statements when confronted about the matter. There is substantial evidence to support the trial court's finding of appellant's delinquency.[1]

■ ■ Therefore, we modify the basis for the trial court's finding of delinquency to criminal mischief in the second degree. *See* Ark. Code Ann. § 16-67-325(a) (1987).

> Where the evidence presented is insufficient to sustain a conviction for a certain crime, but where there is sufficient evidence to sustain a conviction for a lesser included offense of that crime, this court may "reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense, fix it. . . at some intermediate point, remand the case to the trial court for the assessment of the penalty, or grant a new trial either absolutely or conditionally."

*Tigue v. State,* 319 Ark. 147, 152-53, 889 S.W.2d 760, 762 (1994)(citing *Trotter v. State,* 290 Ark. 269, 719 S.W.2d 268 (1986)). Criminal mischief in the second degree is a lesser included offense of criminal mischief in the first degree. *Cf. McElhanon v. State,* 329 Ark. 261, 948 S.W.2d 89 (1997)(articulating the factors to consider in finding a lesser-included offense). Second-degree criminal mischief is established by proof of the same elements as first-degree criminal mischief; the crimes are of the same generic class; and the distinction between the two offenses is based upon grades of intent or degrees of culpability. *Compare* § 5-38-203(a)(1) *with* § 5-38-204(a)(1).

---

[1] We disagree with Judge Neal; even without Duggin's statement, the evidence tends to connect appellant with the commission of the crime. Gardner testified that she gave her keys *to appellant,* not to appellant and Duggin jointly. Further, appellant gave inconsistent statements to the police. False statements made to the police by an accused may constitute corroborating evidence. *See Henderson v. State,* 279 Ark. 435, 652 S.W.2d 16 (1983).

■ While we modify the underlying basis for finding appellant delinquent to criminal mischief in the second degree, we note that the trial court's punishment options did not depend upon the degree or classification of the underlying charge. *See* Ark. Code Ann. § 9-27-330 (Repl. 1993). Thus, unlike the situation typified by *Tigue*, modifying the basis for the delinquency charge to criminal mischief in the second degree leaves us with little or no guidance for fixing appellant's punishment. For this reason, we remand this case to the trial court for assessment of the penalty. *See* Ark. Code Ann. § 16-67-325(a); *Tigue, supra.* We announce no opinion on the suitability of appellant's current punishment.

Affirmed as modified and remanded for further proceedings not inconsistent with this opinion.

ROBBINS, C.J., and ROGERS and CRABTREE, JJ., agree.

NEAL and ROAF, JJ., dissent.

OLLY NEAL, Judge, dissenting. Although I join in Judge Roaf's dissenting opinion, I must write separately to illuminate a point we all have apparently overlooked. The appellant here, Christopher McGill, a juvenile, was found guilty of a felony offense, and the majority can point only to the uncorroborated out-of-court statement of an accomplice as substantial evidence to support the conviction.

Arkansas Code Annotated § 16-89-111(e)(1) (1987) provides that a felony conviction *may not be had* upon the testimony of an accomplice *unless corroborated* by other evidence tending to connect the accused to the commission of the offense. Felony convictions supported only by uncorroborated accomplice testimony should be dismissed on appeal to avoid running afoul of the double jeopardy clause. *See Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997).

The test for determining whether accomplice testimony is sufficiently corroborated to render it sufficiently reliable is whether, when the accomplice's testimony is totally stricken, the *remaining* evidence independently establishes the crime *and* tends to connect the accused to its commission. *Peeler v. State*, 326 Ark.

423, 932 S.W.2d 312 (1996). Here, without the accomplice's testimony, the other evidence establishes that 1) the victim left her car keys with appellant and the accomplice; 2) a disinterested witness saw *the accomplice* driving the car; and 3) when the victim later returned to the school parking lot her car was "totalled." Because there was uncontradicted testimony that the victim left her car keys with both appellant *and* the alleged accomplice, neither factor nor any combination thereof is sufficient to independently connect appellant to the commission of the crime. Because the testimony of Duggin, the alleged accomplice, was not corroborated, we should reverse and dismiss this appeal, consistently with our established practice when we find the evidence insufficient to sustain a conviction.

ANDREE LAYTON ROAF, Judge, dissenting. It is well settled that, because of double jeopardy considerations, this court must reverse and dismiss a criminal conviction where the evidence is insufficient to support the conviction. This has been the law of the land since 1978. *See Pollard v. State*, 264 Ark. 753, 574 S.W.2d 656 (1978) (citing *Burks v. United States*, 437 U.S. 1 (1978) and *Greene v. Massey*, 437 U.S. 19 (1978)). It is also axiomatic that this court may reduce the conviction to a lesser-included offense where the trial court erred by refusing to give a requested instruction on the lesser-included offense. *See Hamilton v. State*, 262 Ark. 366, 556 S.W.2d 884 (1977).

However, the disposition of this case presents an example of a third and apparently equally well-established tenet of appellate review in Arkansas — that we may, in the absence of other trial error, reduce a conviction gained upon insufficient evidence to a lesser-included offense not charged, requested, or even mentioned at trial, in lieu of reversing the conviction outright. *Tigue v. State*, 319 Ark, 147, 889 S.W.2d 760 (1994). This is to be distinguished from the power of our reviewing courts to modify a sentence or punishment deemed excessive or illegal. *Hudgens v. State*, 324 Ark. 169,919 S.W.2d 939 (1996).

Much could be said about the origins and evolution of this authority; I will not attempt to do so, in the interest of holding the reader's attention. Suffice it to say that the distinction

between reducing a sentence and reducing the degree of the offense has been somewhat blurred in the past. The supreme court has done one or the other, or a combination of the two, commencing in the nineteenth century, *see Brown v. State*, 34 Ark. 232, (1879), *Simpson v. State*, 56 Ark. 8, 19 S.W. 99 (1892), and continuing on into the decades that followed. *Noble v. State*, 75 Ark. 246, 87 S.W. 120 (1905); *King v. State*, 117 Ark. 82, 173 S.W. 852 (1915); *Brooks v. State*, 141 Ark. 57, 216 S.W. 705 (1919). We have persisted in reducing convictions, such as McGill's, during the years where we had the option of remanding such cases for new trial, *see Dixon v. State*, 260 Ark. 857, 545 S.W.2d 606 (1977); *Bailey v. State*, 206 Ark. 121, 173 S.W.2d 1010 (1943); and after 1978, when we did not. *See Tigue v. State*, *supra*; *Bishop v. State*, 294 Ark. 303, 742 S.W.2d 911 (1988); *Mills v. State*, 270 Ark. 141, 603 S.W.2d 416 (1980).

The majority relies upon *Tigue, supra*, for the authority to reduce McGill's conviction in this case. *Tigue* in turn relied upon *Trotter v. State*, 290 Ark. 269, 719 S.W.2d 268 (1994). Unfortunately, both *Tigue* and *Trotter* quote from *Dixon v. State, supra*, a 1977 pre-*Pollard* decision which stated that where the evidence is insufficient to sustain a conviction for a particular crime, the court may

> reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense, fix it. . . at some intermediate point, remand the case to the trial court for the assessment of the penalty *or grant a new trial either absolutely or conditionally.*

*Dixon*, 260 Ark. at 862, 545 S.W.2d at 609 (emphasis added). Of course, after 1978, this is no longer an accurate statement of the law.

Nevertheless, as it stands today, we are authorized by our supreme court to reduce a conviction when faced with the situation now confronting us and confronting young Mr. McGill. When we may do so is presumably solely within our discretion. In McGill's case, we are prodded to employ this discretion by the State, most likely because it sees the handwriting on the wall for its conviction based upon first-degree criminal mischief. The

State now recommends to us an alternative it did not present to McGill or to the trial court — *we* may find McGill guilty of second-degree criminal mischief.

Although both offenses are felonies because of the alleged value of the automobile that was totaled, McGill was adjudicated a delinquent because of his age and faces only two days' incarceration in a juvenile detention center. However, our appellate courts have most often exercised the prerogative to reduce rather than dismiss a conviction when reversing felony convictions from both jury and bench trials.

It may well be that our courts have, since 1978, reversed and dismissed some criminal convictions based on insufficiency of the evidence because the State did not suggest in its appellee brief a lesser-included offense, and we did not ferret one out on our own. For criminal appellants as a whole, the glass may be half full rather than half empty. However, each case stands on its own, and each defendant is entitled to fair and equal treatment in light of our avowed dedication to the uniform administration of justice. *See, e.g., State v. Zawodniak*, 329 Ark. 179, 946 S.W.2d 936 (1997).

In the case before us, the prosecutor has already exercised his considerable discretion in the proceedings below. I choose to exercise my much more limited discretion by casting my vote to reverse and dismiss this conviction.

NEAL, J., joins this dissent.