ARKANSAS DEPARTMENT OF HUMAN SERVICES
*v.* STATE of Arkansas and Gary Harbin, A Minor
and Roberta Joseph, His Parent

94-1070                                        894 S.W.2d 592

Supreme Court of Arkansas
Opinion delivered March 13, 1995

*Breck G. Hopkins*, Deputy Counsel for ADHS, for appellant.

*Winston Bryant*, Att'y Gen., by: *Angela S. Jegley*, Senior Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The issue in this case is whether the Chancellor erred in ordering that a juvenile offender committed to a youth services center be placed in a serious offender program. Although the Chancellor clearly had the authority to commit the youth to a youth services center, he lacked author-

ity to order commitment to a serious offender program within the youth services center. We thus reverse and remand the judgment.

Gary Harbin, aged 16, pleaded guilty in the Juvenile Division of Garland Chancery Court to a violent kidnapping and first degree battery in which serious injury was inflicted upon the victim. In paragraph four of his amended adjudication order, in which Mr. Harbin was found to be delinquent, the Chancellor stated: "It is the finding of this court that the minor defendant is a serious offender under any definition, real, imagined or potential, and the Department of Human Services, Youth Services Center, is hereby ordered and directed to place this defendant in a serious offender program."

The record does not demonstrate the manner in which the Department of Human Services (DHS) became a party to the case, but we presume it intervened upon receipt of the commitment order. DHS moved for a new trial on the ground that the decision recited in paragraph four of the order was contrary to law.

### 1. Placement

In its supporting brief to the Chancellor and in its brief before this Court, DHS points out that there is no statutory authority permitting the Chancellor to commit a youth to a serious offender program within a youth services center.

Arkansas Code Ann. § 9-27-330, most recently amended by Act 61 of 1994, provides the dispositions the court may enter with respect to a juvenile found to be delinquent. It states the Court may "commit the juvenile to a youth services center operated by the Youth Services Board," and that the Court may recommend placement of the juvenile in a "community-based" program. It makes no provision for placement in a serious offender program.

Arkansas Code Ann. § 9-28-208(a) (Repl. 1993) requires the Board to establish a diagnostic center for evaluation and classification of committed youth. Arkansas Code Ann. § 9-28-209, most recently amended by Act 44 of 1994, provides in subsection (c)(2) that the Youth Services Board is to decide if a youth committed to a youth services center is to remain in a state insti-

tution, "and if so, which institution." Subsection (a)(2) of that statute provides "The board has the authority to move a youth at any time within its system of youth services facilities and community-based programs." Subsection (d)(2) provides "If the board determines that the youth is not suited for detention in the youth services centers of the state, it shall report its findings and recommendations to the committing court along with recommendations, if any, regarding the appropriate disposition for the youth."

The omission of any reference to placement of a youth within a youth services center beyond the mention of authority of the Court to recommend placement in a community-based program is significant. In *Arkansas Dep't of Human Servs.* v. *State*, 312 Ark. 481, 850 S.W.2d 847 (1993), we considered an order requiring DHS to pay a probation fee pursuant to a statute requiring payment of costs and restitution by a parent or guardian in a juvenile proceeding. We held the Court lacked authority to order such a payment because it was not provided for in the statute under consideration.

We have no doubt it was the General Assembly's intent to confer upon the Youth Services Board the authority to determine the program or institution suitable for a youth committed to a youth services center.

### 2. Mootness

The record contains a letter from a DHS official to the Chancellor stating that Mr. Harbin was placed in a serious offender program. The State argues the case is therefore moot. That is. not so because, as DHS points out, the order continues to inhibit the Youth Services Board from performing in accordance with its obligation of continuing evaluation with the option of moving Mr. Harbin from one institution to another within the system of youth services facilities which it is authorized to do pursuant to § 9-28-209(a)(2).

Reversed and remanded for entry of orders consistent with this opinion.