Tillman HUNTER, Jr. *v.* STATE of Arkansas

00-148                                                    19 S.W.3d 607

Supreme Court of Arkansas
Opinion delivered June 22, 2000

_Ted C. Capeheart_, Juvenile Judge;

_Kinard, Crane & Butler, P.A._, by: _David F. Butler_, for appellant.

_Mark Pryor_, Att'y Gen., by: _Valerie L. Kelly_, Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant Tillman Hunter, age fifteen years, was driving a pickup truck and passing a logging truck on Highway 71 north of Magnolia when he collided with an oncoming vehicle, containing three women, Teresa Rich, Doris Chaney, and Rachael Hill, and a fourteen-month-old girl, Kyla Hill. The three women died. One of the women was pregnant, and her fetus was killed, as well. Tillman was charged as a juvenile with three counts of negligent homicide. After a trial, and after the judge denied Tillman's motion for directed judgment, the judge found Tillman committed the offenses, and adjudicated him a delinquent. The judge then allowed the State to introduce victim-impact evidence over Tillman's objection. Subsequently, the judge entered a disposition order, sentencing Tillman to (1) probation until he is eighteen years old, (2) a ten-week boot camp program, and (3) performance of 400 hours of community service. Also, Tillman's driver's license was revoked for one year. He raises three points for reversal.

We first consider Tillman's argument that the trial judge erred by refusing to grant a directed verdict. In making this argument, he asserts the evidence was insufficient to support the judge's findings of negligent homicide. We disagree.

The negligent homicide offenses with which Tillman was charged are based on Ark. Code Ann. § 5-10-105(b)(1) (Repl. 1997), which provides that a person commits negligent homicide if he negligently causes the death of another person. Section 5-10-

105(b)(2) designates the offense a Class A misdemeanor.[1] Negligence under the statute is a term of art defined under Ark. Code Ann. § 5-2-202(4) (Repl. 1997), which provides as follows:

> "NEGLIGENTLY." A person acts negligently with respect to attendant circumstances or a result of his conduct when he should be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, *involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.* (Emphasis added.)

In the commentary to the above section, it is noted that negligent conduct is distinguished from reckless conduct primarily in that it does not involve the conscious disregard of a perceived risk. In order to be held to have acted negligently under § 5-10-105, it is not necessary that the actor be fully aware of a perceived risk and recklessly disregard it. It requires only a finding that under the circumstances he *should* have been aware of it and his failure to perceive it was a *gross deviation* from the care a reasonable, prudent person would exercise under those circumstances. *See Phillips v. State,* 6 Ark. App. 380, 644 S.W.2d 288 (1982).[2]

■ In reviewing the sufficiency of the evidence in a delinquency case, we apply the same standard of review as in criminal cases. *McGill v. State,* 60 Ark. App. 246, 962 S.W.2d 382 (1998). When the sufficiency of the evidence is challenged on appeal, we consider only the proof that tends to support the finding of delinquency, and we view the evidence in the light most favorable to the State. *Id.* We will affirm if the delinquency adjudication is supported by substantial evidence. *Id.*

■ In reviewing the record, it clearly reveals substantial evidence showing Tillman's driving involved a gross deviation from

---

[1] We note that negligent homicide under Ark. Code Ann. § 5-10-105(a)(1) can be a Class D felony if it is shown a person negligently causes the death of another as a result of operating a vehicle while intoxicated or if the person has one-tenth of one percent or more by weight of alcohol in his or her blood.

[2] The commentary to the manslaughter provision, Ark. Code Ann. § 5-10-104 (Repl. 1997), explains that, if death is produced by an actor's reckless conduct, felony liability is imposed, but if negligent behavior is involved, § 5-10-105 provides coverage.

the standard of care that a reasonable person would have observed in Tillman's situation. Tillman had previously operated his motorcycle on this same highway and said that he was fairly familiar with the roads, as well as the double-yellow, no-passing lines.[3] Tillman testified it was raining as he was following behind the logging truck for a couple of miles, and he had his mind set on passing the truck. He further conceded that, although he was unable to see because of the mist and spray coming from the back of the logging truck, he still attempted to pass it as he crossed double yellow lines going up a hill. Tillman also related that, when he began to pass, the mist and spray only cleared when he was about "one-third of the way up the truck," and that is when he first saw the vehicle coming from the opposite direction over the crest of the hill. Based on these facts alone, we hold the trial judge was correct to deny Tillman's motion for directed verdict.

We next consider Tillman's point for reversal that the trial judge erred in allowing victim-impact evidence during the disposition stage of the proceedings.[4] He asserts that because the intent of the disposition hearing provisions of the juvenile code is to avoid treating juveniles as criminals, see Act 763 of 1991, § 8[5], then victim-impact evidence has no relevance and serves no purpose other than to prod the court to impose a heavier sentence.

The statute concerning victim-impact evidence is Ark. Code Ann. § 16-97-103 (Supp. 1999). This section provides as follows:

> Evidence relevant to sentencing by either the court or a jury may include, but is not limited to, the following. . .:
>
> (4) Victim-impact evidence or statements[.]

---

[3] He also later said that he did not remember double-yellow lines on this stretch of highway.

[4] It is noteworthy to mention that Act 1192 of 1999, the Extended Juvenile Jurisdiction Act, was enacted on April 7, 1999, (after the deaths here) and it amends various provisions of the Juvenile Code. Until this new Act, victim-impact evidence was not mentioned in the Code, and even under Act 1192, none of its provisions are applicable to negligent-homicide misdemeanor offenses. See §§ 1(a)(3), 6, 7, and Ark. Code Ann. § 9-27-318 (Supp. 1999).

[5] This act amended Ark. Code Ann. § 9-27-330, one of the disposition sections of the juvenile code. Section 8 is the emergency clause of the act, which reads, "It is hereby found and determined by the General Assembly that it is necessary to prohibit the unnecessary incarceration of juveniles, to prohibit such juveniles from being treated as criminals, to place such juveniles under proper case; and that the immediate passage of this act is necessary for the protection of juveniles.

For purposes of this argument, the most relevant word in the statute is "sentencing." Juveniles are not "convicted" and "sentenced"; they are "adjudicated" and have their cases go to "disposition." This distinction is the very heart of the juvenile system. *See* Ark. Code Ann. § 9-27-302(3) (one of purposes of juvenile code is to "substitut[e] for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative restitution"). *See also Ring v. State*, 320 Ark. 128, 894 S.W.2d 944 (1995) (idea behind juvenile code was "the notion of offering special protections to juveniles in the hopes of putting them on a separate track ending somewhere other than the Department of Correction").

■ Evidence presented under § 16-97-103 is intended to be used to give the sentencer, whether the trial judge or the jury, all evidence relevant to *sentencing. Davis v. State*, 330 Ark. 76, 953 S.W.2d 559 (1997) (emphasis added). It must be relevant, and it is governed by the rules of evidence regarding admissibility and exclusion. *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). While the rules of evidence and the rules of criminal procedure apply in juvenile proceedings, Ark. Code Ann. § 9-27-325(e) and (f) (Supp. 1999), § 16-97-103 is neither a rule of evidence nor a rule of criminal procedure. Section 16-97-103 and its reference to victim-impact evidence simply do not appear in those portions of the juvenile code regarding disposition. Ark. Code Ann. § 9-27-329, -330, and -331 (Supp. 1999); *cf. Eberlein v. State*, 315 Ark. 591, 869 S.W.2d 12 (1994) (sentencing is "entirely a matter of statute").

■ The State argues that victim-impact evidence need only be relevant under the rules of evidence, and that the testimony in this case was relevant in that it enabled the trial court to "ascertain the seriousness of Tillman's offenses and his behavior was sanctioned appropriately." The argument begs the question. The court already knew that Tillman's conduct was responsible for the deaths of three adults and a viable fetus. The delinquency petition itself informed the court that people had been killed and that Tillman was charged with three misdemeanor counts of negligent homicide. In sum, victim-impact evidence simply was unnecessary to impress upon the court the seriousness of the offense.

■ The State also argues that the fact that the General Assembly found victim-impact evidence to be relevant to sentencing in criminal proceedings "is an indication that it can be relevant in a

juvenile-court disposition hearing." However, juvenile disposition hearings are *not* criminal proceedings, and the mere fact that evidence may be relevant in one context does not mean that it is relevant in all contexts. We conclude that the trial judge was in error in ruling victim-impact evidence permissible in Tillman's juvenile disposition hearing. We add that, if the General Assembly had intended victim-impact evidence to apply in juvenile proceedings, it could have easily and clearly provided for it.

Having held that victim-impact evidence is inapplicable in juvenile proceedings, we now address the question whether such error prejudiced Tillman and mandates a reversal. Tillman makes the point that the judge's remarks reflect that he utilized victim-impact evidence from the six witnesses in punishing him rather than imposing a disposition based on his best interests. For example, Tillman notes the judge's comments — based upon victim-impact testimony — that, "I hope you'll be thinking every time you eat a tomato or hear a blue bird sing or think about Mother's Day, the Razorbacks, all these people that you've caused their death, they won't do those little things anymore." In addition, the judge expressed a reluctance to place Tillman in the Southern Arkansas Youth Center because he "probably would not stay there two weeks." After these remarks, the judge placed Tillman on probation until he turns eighteen years old, scheduled him for a ten-week boot camp program, required him to perform 100 hours of public service for each person killed and injured as a result of his gross negligence. The judge also suspended Tillman's driver's license for one year.

■ While the judge appeared quite mindful of the victim-impact testimony when he entered his disposition order, Tillman does not argue that the dispositions were not authorized by statute. *See* § 9-27-330. In fact, it could be argued that being ordered to serve any time at the youth services center might be perceived or considered to be worse than being assigned to a boot camp program or being placed on probation. In short, it is difficult to discern exactly what prejudice Tillman has suffered and how he is to be benefitted by our remanding the case for another disposition hearing. Our court will not review the severity of the dispositions so long as they were authorized by law, as is the case here. *Cf., Hicks v.*

*State*, 327 Ark. 652, 941 S.W.2d 387 (1997).[6] Tillman has failed to show exactly how he was prejudiced by the judge's erroneous ruling to permit victim–impact testimony in these circumstances. *But see Arkansas Dep't of Human Servs. v. State*, 319 Ark. 749, 894 S.W.2d 592 (1998) (court reversed and remanded juvenile case where trial court *lacked statutory authority* to order commitment to a serious offender program within the youth services center). (Emphasis added.)

■ Finally, Tillman urges the trial judge erred because the judge sentenced Tillman on the basis of retributive punishment as opposed to considering the best interest of the juvenile. Tillman, however, never objected to the pronounced dispositions in order to preserve this point. *See State v. Montague*, 341 Ark. 144, 143 S.W.3d 867 (2000). Likely, no objection was interposed because the dispositions were within statutory range and lawful.

For the reasons set out above, we affirm the trial judge's decision as modified.

---

6   We do note that, without objection, the juvenile judge here provided for 400 hours of volunteer service and § 9–27–330(a)(9) limits such service to 160 hours. We do not address whether the hours of volunteer service under the statute can be ordered in each count for which a delinquent has been adjudicated, since that argument has not been made.