ARKANSAS DEPARTMENT of HUMAN SERVICES v.
Denise THOMAS

CA 00-20 33 S.W.3d 514

Court of Appeals of Arkansas
Division I
Opinion delivered November 8, 2000

*D. Franklin Arey, III,* Chief Counsel, on brief; *Kathy L. Hall,* on oral argument, for appellant.

*Center for Arkansas Legal Services,* by: *J. Vernon Walker,* for appellee.

JOHN E. JENNINGS, Judge. In this dependency-neglect proceeding, the Arkansas Department of Human Services ("ADHS") appeals that portion of the juvenile court's order directing that appellee, Denise Thomas's, name be removed from the central registry of child maltreatment. For reversal, ADHS

argues that the juvenile court does not have the authority to order the removal of a name from the central registry. We agree and reverse.

On April 27, 1999, ADHS filed a petition in the Jefferson County Juvenile Court alleging that appellee's ten-year-old daughter, C.T., was dependent-neglected. In the petition and its accompanying affidavit, it was stated that C.T. was being sexually abused by her fourteen-year-old, male cousin and that appellee was failing to protect the child from further abuse by allowing the cousin to stay overnight in their home. At the adjudication hearing held on July 22, 1999, the court dismissed ADHS's petition after learning that C.T. had recanted the allegation that her cousin had been fondling her. Over ADHS's objection, the court also granted appellee's request that her name be removed from the central registry, it having been placed there by ADHS after substantiating child maltreatment for neglect due to appellee's failure to prevent abuse under Ark. Code Ann. § 12-12-503(6)(A) (Repl. 1995).[1] ADHS filed a timely motion for reconsideration in which it again challenged the court's authority to order the removal of appellee's name from the registry. The court did not rule on the motion, and it was deemed denied after thirty days. *See* Ark. R. App. P.—Civil 4. This appeal followed.

Appellant argues that the juvenile court does not have the statutory authority to order the removal of a name from the central registry, as the responsibility for the placement of names on the registry has been vested in it by the legislature and the decision is subject to administrative review. In support of the order, appellee argues that the juvenile court is well-equipped to deal with matters of this kind and that the juvenile court should order removal when there is evidence which justifies that action. We agree that the juvenile court is not the appropriate forum to decide this matter.

Amendment 67 to the Arkansas Constitution granted the General Assembly the authority to confer jurisdiction over matters relating to juveniles in what it might deem an appropriate court. Following the passage of Amendment 67, the legislature defined jurisdiction of matters relating to juveniles and bestowed such jurisdiction upon newly created divisions of chancery court. *Arkansas*

---

[1] This was the applicable statute at the date of the hearing.

*Dep't of Human Servs. v. Clark,* 304 Ark. 403, 802 S.W.2d 461 (1991). Arkansas Code Annotated § 9-27-306 (Repl. 1998) sets out the limits of the juvenile courts' jurisdiction. It provides that the juvenile courts of this state shall have original, exclusive jurisdiction for proceedings in which a juvenile is alleged to be delinquent or dependent-neglected, those in which a family is alleged to be in need of services, and proceedings involving the termination of parental rights. Juvenile courts also have exclusive jurisdiction over adoptions and guardianships that arise during the pendency of the above-mentioned original proceedings. In addition, the statute provides that the juvenile courts have concurrent jurisdiction with the probate courts for the civil commitment of juveniles, and concurrent jurisdiction with chancery courts over matters pertaining to illegitimate children.

 The Department of Human Services is also a creature of statute. *See Ark. Dep't of Human Servs. v. Clark, supra.* The legislature has established the central registry for child maltreatment within the department, Ark. Code Ann. § 12-12-505 (Repl. 1995), and designated it as the agency responsible for investigating reports of suspected maltreatment for purposes of maintaining the registry, Ark. Code Ann. § 12-12-509 (Repl. 1995), and determining whether the allegation is either unsubstantiated or true. Ark. Code Ann. § 12-12-512 (Repl. 1995). If the allegation is found to be true and a report is to be placed in the registry, the subject of the report has the right to request an administrative hearing. Ark. Code Ann. § 12-12-512 (Repl. 1995). Also under this statutory scheme, the subject of the report has the right to appeal an adverse determination to circuit court under the Administrative Procedure Act. Ark. Code Ann. § 25-15-202 (Supp. 1999) & § 25-15-215 (Repl. 1999).

On several occasions, it has been held that a juvenile court has exceeded its statutory authority, even when acting on matters that fall within its assigned jurisdiction. In *Ark. Dep't of Human Servs. v. State,* 319 Ark. 749, 894 S.W.2d 592 (1995), the supreme court considered a juvenile court's order that a delinquent juvenile be placed in a serious offender program within the youth services center. After examining the pertinent statutes, it was held that the juvenile court lacked the authority to specify placement in the program because the legislature had granted the Youth Services Board, not the juvenile court, the authority to determine the particular program or institution suitable for a juvenile committed to a

youth services center. Similarly, in *Ark. Dep't of Human Servs. v. State,* 312 Ark. 481, 850 S.W.2d 847 (1993), the court reversed the juvenile court's order requiring ADHS, as a custodian, to pay a probation fee on behalf of a delinquent juvenile. The court held that neither statute in question authorized a juvenile court to assess a probation fee against a custodian. We reached a similar result in *Ark. Dep't of Human Servs. v. Southerland,* 65 Ark. App. 97, 985 S.W.2d 336 (1999). There we held that the juvenile court was not authorized by statute to require ADHS to provide compensation to a foster parent for a period of time before the foster parent had completed the necessary licensing and certification requirements.

▋ Here, there is no statute that authorizes a juvenile court in a dependency-neglect proceeding to address any matter pertaining to the placement of names in the central registry. Instead, the legislature has committed those decisions to the Department of Human Services and has made them subject to administrative review. Appellee has not availed herself of that process and has thus failed to exhaust her administrative remedies. *See, e.g., City of Dover v. Barton,* 337 Ark. 186, 987 S.W.2d 705 (1999). Appeal would then lie to circuit court. Ark. Code Ann. § 25-15-202 (Supp. 1999) & § 25-15-215 (Repl. 1999). The juvenile court lacked jurisdiction to decide the issue.

Reversed.

HART and GRIFFEN, JJ., agree.