The Honorable Terry D. Jones Prosecuting Attorney, Fourth Judicial District Washington County Courthouse 280 North College, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Jones:
I am writing in response to your request for an opinion on the following two questions:
 1. Does a Circuit Judge have the authority, over the Prosecuting Attorney's objection, to force the PA's office to file dependency-neglect petitions under the juvenile code (A.C.A. § 9-27-301
et seq.) and thereafter prosecute the case forcing the office to take and pursue a position the office does not wish to take?
 2. In a delinquency proceeding, or any other proceeding, does a Circuit Judge have the authority to order the Prosecuting Attorney's office to file a family-in-need-of-services petition, under the Arkansas Juvenile Code, A.C.A. § 9-27-301 et esq.?
You note that "Washington County has a very active juvenile court" and that "[your] office is being ordered to file cases which [you] would prefer not to file because of a shortage of personnel. . . ."
RESPONSE
It is my opinion that the answer to both of your questions, under current law, is "no." The proper remedy in each such case, however, is to petition the Arkansas Supreme Court for proper relief.
Question 1 — Does a Circuit Judge have the authority, over theProsecuting Attorney's objection, to force the PA's office to filedependency-neglect petitions under the juvenile code (A.C.A. § 9-27-301et seq.) and thereafter prosecute the case forcing the office to take apursue a position the office does not wish to take?
It is my opinion that the answer to this question is "no." I assume from the tenor of your request that this question inquires as to the validity of a circuit court order directing you to file a dependency-neglect petition. The relevant statute in the Arkansas Juvenile Code is A.C.A. §9-27-310 (Supp. 2003), which is entitled "Commencement of proceedings." It provides in relevant part as follows:
 (a) Proceedings shall be commenced by filing a petition with the clerk of the circuit court or by transfer by another court.
 (b)(1) The prosecuting attorney shall have sole authority to file a delinquency petition or petition for revocation of probation.
 (2) Only a law enforcement officer, prosecuting attorney, or the Department of Human Services or its designee may file a dependency-neglect petition seeking ex parte emergency relief.
 (3) Petitions for dependency-neglect or family in need of services may be filed by:
(A) Any adult; or
 (B) Any member ten (10) years old or older of the immediate family alleged to be in need of services.
Although this statute in subsection (b)(3)(A) empowers "any adult" to file a dependency-neglect petition or a petition for family in need of services or "FINS" case (as long as the petition does not seek ex parte
emergency relief), it nowhere authorizes the court to order the prosecuting attorney to file such a petition. In my opinion, therefore, a circuit court does not have this power as a matter of statute.
The Arkansas Juvenile Code sets out in great detail the procedure for such juvenile proceedings. The Arkansas appellate courts have tended to restrict the actions of the courts and other affected parties to the statutory authorization thus granted. See e.g., Hudson v. Kyle,352 Ark. 346, 101 S.W.3d 202 (2003) (no statute authorized court to terminate parental rights under the particular facts); ArkansasDepartment of Human Services, v. Collier, 351 Ark. 506,95 S.W.3d 772 (2003) (court does not have authority to order pregnant woman into custody and declare her unborn fetus dependent-neglected); and Arkansas Department of HumanServices v. Thomas, 71 Ark. App. 348, 33 S.W.3d 514 (2000) (juvenile court did not have authority to order removal of the name of mother of dependent-neglected juvenile from the Central Registry). In my opinion, therefore, absent a statutory grant of power, a circuit court does not have authority to order a prosecuting attorney to file a dependency-neglect petition.
In at least some other states, courts have been granted the power to direct the county or state's attorney to file similar petitions. Seee.g., In the Interest of K.C. and S.C., 660 N.W.2d 29 (Iowa 2003) (discussing Iowa Code Section 232.58(3)(c), which allows the court to direct the county attorney to institute proceedings to terminate the parent-child relationship); People ex rel. Davis v. Vasquez,92 Ill.2d 132, 441 N.E.2d 54 (1982) (discussing Ill. Rev. Stat. 1979, ch. 37, par. 704-1(1), which authorized the court on its own motion to direct the filing through the state's attorney of a petition in respect to a minor); and State v. Juvenile Division, Tulsa County District Court,560 P.2d 974, 1977 OK CR 49 (1977) (discussing Title 10, O.S. 1971, s 1109(c), which provided that "[u]pon the request of the court, the district attorney shall prepare and prosecute any case or proceeding within the purview of this act"). The above-cited cases discuss arguments as to whether the granting of such power is constitutional under the separation of powers doctrine or other constitutional precept.
It is unnecessary to address any such constitutional arguments in Arkansas, however, because the Arkansas Juvenile Code does not authorize a circuit court to take the action you describe.
Question 2 — In a delinquency proceeding, or any other proceeding, does aCircuit Judge have the authority to order the Prosecuting Attorney'soffice to file a family-in-need-of-services petition, under the ArkansasJuvenile Code, A.C.A. § 9-27-301 et seq.?
The same conclusions discussed above apply with equal force to your second question. The same statute discussed above, A.C.A. § 9-27-310, governs the commencement of a family in need of services case. The circuit court has not been granted statutory power to direct the prosecuting attorney to file such cases.[1] The remedy, however, in the face of such an order is to apply to the Arkansas Supreme Court for appropriate relief.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] I should note, however, that state law (A.C.A. §6-18-222(a)(6)(A)(i) (Supp. 2003)), requires the prosecuting attorney to file a family in need of services case under A.C.A. § 9-27-310 in certain truancy cases, or to enter into a diversion agreement with the student pursuant to A.C.A. § 9-27-323.