Cite as 2025 Ark. App. 312

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-546

| | | |
|---|---|---|
| PHILLIP BRINKLEY | | Opinion Delivered May 21, 2025 |
| | APPELLANT | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28CR-22-776] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Following a jury trial in the Greene County Circuit Court, Phillip Brinkley was convicted of rape. On appeal, Brinkley argues that there is insufficient evidence to support his conviction. We affirm.

Brinkley was a licensed massage therapist who worked at Royal Nails and Hair Salon. The victim in this case testified that she had been a client of Brinkley's for about four years when she scheduled a massage in September 2022. Brinkley's massage table was located behind a hospital-type curtain attached to the ceiling of the salon. The victim's massage began after she removed all her clothing except her underwear and lay under the sheet on the table. Brinkley uncovered different body parts as he massaged them. The massage proceeded normally until Brinkley raised the sheet to expose the victim's buttock and began

massaging it. The victim testified that Brinkley then moved her underwear with one hand and used the other hand to rub her vagina and penetrate her with his finger. She testified that she was paralyzed with fear and did not have a voice. She said that Brinkley had not asked her permission to do this, that she had not invited him to do this, and that it was completely against her will. The victim testified that Brinkley then continued the massage in a normal fashion except that he kissed the back of her thighs. When the massage was over, Brinkley stepped out so that the victim could dress but then attempted to re-enter the curtained-off area before she was dressed. The victim said that she left and went to work, and after telling her boss what had happened, she went to the police department.

Detective Tron Beesley testified that he interviewed Brinkley, who initially denied doing anything inappropriate. Eventually, however, Brinkley admitted that he did touch and enter "that area," but he denied any "deep penetration." At Beesley's request, Brinkley wrote an apology letter to the victim, stating that "what you said is true" and that he "inappropriately touched your vagina." Brinkley admitted to Beesley that he had previously had his license suspended for three years by the Arkansas State Board of Massage Therapy due to allegations of inappropriate behavior; however, Brinkley attributed this to someone "out to get" him. The State introduced into evidence the massage board's order suspending Brinkley's license that detailed the accusations of three women regarding inappropriate touching of their breasts, buttocks, and genitals. Detective Beesley testified that after Brinkley's arrest, which was based on the victim's allegations, eleven other women came

forward with very similar allegations. Five of these women testified at trial, with three stating that Brinkley penetrated them with his fingers.

Brinkley moved for a directed verdict, arguing that the State failed to prove the element of forcible compulsion. The motion was denied, and Brinkley put on no witnesses. The jury found him guilty and sentenced him to twenty years' imprisonment.

On appeal, a motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Barnum v. State*, 2020 Ark. App. 523, 614 S.W.3d 453. Appellate courts affirm the conviction if there is substantial evidence to support it. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without mere speculation or conjecture. *Id.* The appellate court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5-14-103(a)(1) (Supp. 2021). "Forcible compulsion" means physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person. Ark. Code Ann. § 5-14-101(3) (Supp. 2021). Physical force is any bodily impact, restraint, or confinement, or the threat thereof. *Johnson v. State*, 80 Ark. App. 79, 94 S.W.3d 344 (2002). The test used to determine whether a rape was committed with the requisite physical force is whether the act was against the will

3

of the party upon whom the act was committed. *Barnum*, *supra*. The supreme court has held that as long as the act is committed against the victim's will, the "quantum of force" need not be considered. *Canard v. State*, 278 Ark. 372, 646 S.W.2d 3 (1983).

Brinkley argues that the issue on appeal is one of statutory interpretation. He argues that the term forcible compulsion cannot mean the force inherent in the act of penetration because that would mean all sexual intercourse or deviate sexual activity is accomplished by forcible compulsion, and such an interpretation would render the phrase "by forcible compulsion" superfluous. He contends that because the victim made no attempt to verbally or physically resist him, there was no forcible compulsion.

We disagree with Brinkley and hold that substantial evidence supports his conviction. We addressed a similar argument in *Arendall v. State*, 2010 Ark. App. 358, 377 S.W.3d 404. Although *Arendall* involved the offense of second-degree sexual assault, the same definition of forcible compulsion was at issue. *See* Ark. Code Ann. § 5-14-125(a)(1) (Supp. 2009) (stating that a person commits sexual assault in the second degree if the person engages in sexual contact with another person by forcible compulsion). The defendant in *Arendall* was a doctor accused by two patients of sexual contact in the course of medical exams for lower back pain. On appeal, Arendall argued that there was no evidence of physical force other than the touching that satisfied the element of sexual contact. This court held that there was substantial evidence of physical force as to both victims where each testified that Arendall pulled her pants down before touching her vagina. We noted that although both victims consented to being touched for the purpose of a medical exam, they did not consent to

4

sexual contact.  We held that Arendall used physical force to undress the women beyond what was necessary for a legitimate medical exam and commit actions against their will.

Like the women in *Arendall*, the victim in this case consented to Brinkley's putting his hands on her for the purpose of a legitimate massage.  She undressed to the level necessary, which meant leaving her underwear on.  Without warning and against her will, Brinkley used physical force to move her underwear and penetrate her.  Accordingly, we hold that there is sufficient evidence of forcible compulsion and affirm Brinkley's conviction.

Affirmed.

GLADWIN and TUCKER, JJ., agree.

*Ben Motal*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.